| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>Derek J. Baker, Esquire (DB8783)<br>REED SMITH, LLP<br>Princeton Forrestal Village<br>136 Main Street, Suite 250<br>Princeton, New Jersey 08543<br>Telephone:  609-987-0050<br>Fax:  609-951-0824<br><br>*Attorneys for Fidelity National Information Services, Inc., Chex Systems, Inc., and Certegy Ltd.* | |
| In Re:<br><br>MICROBILT CORPORATION,<br><br>                                      Debtor. | Case No.: 11-18143<br><br>Judge: Honorable Michael B. Kaplan<br><br>Chapter 11 |
| MICROBILT CORPORATION and CL VERIFY LLC,<br><br>                                      Plaintiff,<br><br>                  v.<br><br>FIDELITY NATIONAL INFORMATION SERVICES, INC., CHEX SYSTEMS, INC., and CERTEGY LTD.<br><br>                                      Defendants. | Adversary Proceeding No.:<br>12-01167<br><br><br><br><br>Hearing Date: February 8, 2013<br>at 10:00 A.M. (ET) |

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THIS COURT'S JANUARY 3, 2013 ORDER**

Defendants Chex Systems, Inc. ("Chex"), Certegy LTD ("Certegy") and Fidelity National Information Services, Inc. ("FNIS" and collectively with Chex and Certegy, the "Defendants"), by and through their undersigned counsel, file this Brief in Opposition to Plaintiff's Motion for Reconsideration of this Court's January 3, 2013 Order [Adv. Docket No. 52] (the "Reconsideration Motion"), and respectfully state as follows:

**I.     INTRODUCTION**

Through their Reconsideration Motion, Plaintiffs Microbilt Corporation ("Microbilt") and CL Verify, LLC ("CL Verify", collectively, the "Plaintiffs") attempt to challenge the legal and factual sufficiency of the Court's December 11, 2012 Opinion [Adv. Docket No. 44] (the "Opinion")[1], and the Court's January 3, 2013 Order implementing the Opinion [Adv. Docket No. 49] (the "Order"), wherein the Court granted the motions to dismiss of Defendants Chex and Certegy [Adv. Docket Nos. 38 and 39] (collectively the "Motions to Dismiss"), dismissed the claims asserted against Chex and Certegy in the Plaintiffs' Second Amended Adversary Complaint [Adv. Docket No. 36] (the "Complaint") in favor of arbitration, and abstained from determining the claims asserted against Defendant FNIS.

The Reconsideration Motion, however, fails to meet the standard for reconsideration, which requires demonstration of a "clear error of law or fact." Rather than illustrating a "clear error of law or fact," the Reconsideration Motion simply recycles the same reasoning correctly rejected by the Court in the Opinion and Order. It is clear that the Court committed no error, much less a "clear error." Accordingly, the Reconsideration Motion is nothing more than a pleading espousing its disagreement with the Court's Opinion and Order in an attempt to obtain a rehearing on the merits. Since Plaintiffs have failed to meet their burden, the Reconsideration Motion should be denied.

**III.    PROCEDURAL HISTORY**

Plaintiffs initiated the above-captioned adversary proceeding by filing an adversary complaint on February 16, 2012 [Adv. Docket No. 1]. Plaintiffs thereafter amended their complaint on April 24, 2012 [Adv. Docket No. 7] and again on September 28, 2012 [Adv.

---

[1] *MicroBilt Corporation v. Fidelity National Information Services, Inc. (In re MicroBilt Corp.)*, No. 11-18143, --- B.R. ---, 2012 WL 6137610 (Bankr. D.N.J. Dec. 11, 2012).

Docket No. 36]. The Complaint raises four counts against Chex – two (2) counts nominally called tortious interference claims and two (2) counts nominally called violations of the automatic stay. In reality, all four (4) claims asserted against Chex arise from purported actions or inactions taken under, or in furtherance of, the Resale Agreement. In Count I, Plaintiffs allege that FNIS and Chex instructed Certegy to cease performance under certain other agreements in order to force Plaintiffs to agree to a pricing structure under the Resale Agreement that would be less favorable to Plaintiffs. (Complaint, ¶¶ 43-45, 55-62). In Count II, Plaintiffs allege that the conduct complained of in Count I also caused certain prospective end users to enter into contractual relationships with Plaintiffs' competitors. In Count III, Plaintiffs further allege that the same conduct complained of in the previous two (2) counts violated the automatic stay. Finally, in Count IV, Plaintiffs allege that FNIS and Chex violated the automatic stay by taking actions which MicroBilt asserts are in violation of the Resale Agreement. (Complaint, ¶¶ 87.)

The Complaint asserts only one (1) count, Count III, against Certegy. That count, though nominally titled a violation of the automatic stay, actually asserts that Certegy allegedly failed to meet all of its obligations under its agreement with CL Verify.

On October 15, 2012, Defendants Chex and Certegy filed the Motions to Dismiss.[2] After full briefing, the Court held substantial argument on the Motions to Dismiss at which time the Plaintiffs were given the full and complete opportunity to present their arguments. On December 11, 2012, the Court entered its Opinion granting the Motions to Dismiss, and directing all claims against Chex and Certegy to be determined through the alternative dispute provisions of the

---

[2] The Data Reseller Agreement dated as of 24 April 2009 (the "DRA") by and between Certegy Ltd. and CL Verify LLC (as assumed by the Debtors) provides that, in the event a party refuses to submit to arbitration, and judicial action is required to compel arbitration and arbitration is so compelled, then the party resisting arbitration shall be required to pay the other party all costs and expenses (including attorneys' fees and costs) incurred in compelling arbitration. [DRA § 7.2.4(b).] Certegy has already made demand for indemnity related to the costs associated with filed and prosecuting the Motions To Dismiss. Certegy reserves the right to further seek indemnity for all costs associated with opposing the Reconsideration Motion.

- 3 -

respective Agreements and otherwise abstaining from determining claims asserted against FNIS. The Court entered the Order on January 3, 2013. Thereafter, on January 18, 2013, Plaintiffs filed the Reconsideration Motion.

### III.    ARGUMENT

A motion for reconsideration is governed by Federal Rules of Civil Procedure 52 and/or 59, incorporated into bankruptcy proceedings by Federal Rules of Bankruptcy Procedure 7052 and/or 9023, and supplemented by Local Rule of Bankruptcy Procedure 9013-1(h). Reconsideration is an extraordinary remedy, and motions for reconsideration are to be granted very sparingly. *See In re Schering-Plough Corp.,* Civ. No. 08-CV-397, 2010 WL 2546054, at *1 (D.N.J. Jun. 21, 2010); *Gutierrez v. Ashcroft*, 289 F. Supp. 2d 555, 561 (D.N.J. 2003); *accord NL Industries, Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513 (D.N.J. 1996); *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995) (observing that "motions for reconsideration should be granted sparingly"). Due to the extraordinary nature of the remedy, the party seeking reconsideration bears a heavy burden. *See*, *e.g.*, *In re Congoleum Corp.*, No. 09-4371, 2010 WL 323416, at *3 (D.N.J. Jan. 21, 2010).

To carry the burden, the moving party must demonstrate "(1) an intervening change in the controlling law; (2) the availability of new evidence … ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Saddle River Valley Bank v. Garsia*, No. 09-02255, 2010 WL 276190, at *1-2 (Bankr. D.N.J. Jan. 14, 2010) (citing *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)) (additional citations omitted); *accord Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (observing that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence"). When presenting a motion for reconsideration, the party seeking relief

must clearly and directly identify what law, evidence or clear error needs to be addressed. *See Delrio-Mocci v. Connolly Props*, 08-2753, 2009 U.S. Dist. LEXIS 84459, at *4 (D.N.J. 2009) ("Plaintiff fails to identify any specific error. Instead Plaintiff improperly attempts to use this motion to re-litigate the original issue[.]"). Pursuant to Local Rule 9013-1(h), a motion for reconsideration must set forth "the matters or *controlling decisions*" which constitute cause for reconsideration. Bankr. D.N.J. LBR 9013-1(h) (emphasis added). Motions for reconsideration are therefore appropriate only when "dispositive factual matter or controlling decision of law was presented to the court but not considered." *Scott v. IBM Corp.*, Civ. No. 98-4092, 2000 U.S. Dist. LEXIS 17979, at *3 (D.N.J. Nov. 29, 2000) (quoting *Damiano v. Sony Music Entertainment, Inc.*, 975 F.Supp. 623, 634 (D.N.J. 1996).

A motion for reconsideration cannot "ask the court to rethink what it ha[s] already thought through." *In re Schering-Plough*, 2010 WL 2546054 at *1 (citation omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision." *See G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990). A party's disagreement with the Court's decision is properly addressed via the appellate process. *See, e.g.*, *Bermingham v. Sony Corp. of America, Inc.*, 820 F. Supp. 834, 859 n. 8 (D.N.J. 1992), *aff'd*, 37 F.3d 1485 (3d Cir. 1994). Thus, "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Id.* Similarly, a motion for reconsideration cannot be used "to advance new theories, or to secure a rehearing on the merits." *Gutierrez v. Ashcroft*, 289 F. Supp. 2d at 561.

Plaintiffs fall woefully short of meeting this exacting standard. Plaintiffs do not argue that there has been an intervening change in controlling law or newly discovered evidence that would have influenced the Court's analysis in the Opinion or the outcome of the Order. Rather,

Plaintiffs rely on only the argument that the Court committed "clear error of law or fact." Specifically, Plaintiffs seek reconsideration of the Opinion and Order solely on the basis that the Court allegedly (1) "overlooked outcome-determinative case law" when dismissing the automatic stay violation claims, (2) misapplied the law to the facts when dismissing the Plaintiffs' tortious interference claims, and (3) "misapplied the factors applicable to abstention" in *sua sponte* abstaining from determining the claims asserted against FNIS. (Reconsideration Motion, 3.) The Plaintiffs identify (1) no intervening change in controlling law, (2) no new evidence, (3) nor any clear error of law. Rather Plaintiffs simply seek to reargue points that have already been considered and dismissed by the Court. Therefore, the Reconsideration Motion should be denied.

    **A.    The Court Considered All Arguments and Facts Previously Presented by Plaintiffs When Dismissing the Stay Violation Claims.**

Reconsideration is appropriate only where *controlling* decisions of law were presented to but overlooked by the Court. *See Scott v. IBM Corp.*, 2000 U.S. Dist. LEXIS 17979, at *3. Where the matter submitted to the court had in fact been considered in the court's ruling, it cannot be said to have been overlooked and relief must be denied. *Ashton v. AT&T Corp.*, No. 03-CV3158, 2006 U.S. Dist. LEXIS 4787, at *5 (D.N.J. Feb. 2, 2006). ("An argument may be regarded as having been considered if it is presented to the court in written submissions and in oral argument.") Importantly, the mere fact that a particular legal argument or other matter is not expressly mentioned or analyzed by the Court in its opinion does not mean that it was "overlooked." *Ashton*, 2006 U.S. Dist. LEXIS 4787, at *5 (citing *Eichorn v. AT&T Corp.*, No. Civ. A. 96-3587, 1999 U.S. Dist. LEXIS 22713, 1999 WL 33471890 (D.N.J. Aug. 23, 1999)). *See also Schering Corp. v. Geneva Pharmaceuticals*, 275 F. Supp. 2d 534, 542 n.5 (D.N.J. 2002)

(denying a motion for reconsideration and expressly noting that certain arguments and citations, while not discussed in its opinion, had been considered but rejected).

The Plaintiffs assert that the Court "overlooked and did not address" two (2) cases relied upon by Plaintiffs for the proposition that the arbitration of automatic stay violation claims is inappropriate. Importantly, neither of the cases allegedly "overlooked" by the Court are controlling authority. *See In re Cavanaugh*, 271 B.R. 414 (Bankr. D. Mass. 2001); *In re Merrill*, 343 B.R. 1 (Bankr. D. Me. 2006). Both decisions are from jurisdictions outside the Third Circuit and are not controlling on this Court. That fact alone is sufficient to deny the Reconsideration Motion. *Cf. Scott v. IBM Corp.*, 2000 U.S. Dist. LEXIS 17979, at *3 (holding that reconsideration is only appropriate where *controlling* decisions of law were presented to but overlooked by court) (emphasis added).

Further, the decisions were not "overlooked." The Plaintiffs discussed *Cavanaugh* and *Merrill* at length in their Opposition to the Motions to Dismiss [Adv. Docket No. 41]. They were discussed and refuted at length in Chex and Certegy's replies. [Adv. Docket Nos. 42 & 43.] Therefore, the Court was clearly aware of those decisions when rendering the Opinion and Order. Simply because the Court declined to elaborate on its reasoning for choosing one line of authority over another (which is not controlling) does not demonstrate that the decisions were overlooked. The Court clearly stated its rationale for holding that automatic stay violations can and should be arbitrated when "inextricably intertwined" with claims that the Court deems arbitrable. *In re MicroBilt*, 2012 WL 613610, at *6-7. It is within the Court's discretion to discuss in a judicial opinion only the issues and facts the Court feels are most relevant. Clearly, it would be impractical to require the Court to dissect, in every opinion, all arguments presented by counsel.

As a secondary matter, Plaintiffs assert that the Court also overlooked cases cited in *Cavanaugh* and *Merill* for the proposition that automatic stay violation claims may only be determined in the bankruptcy court.  This issue, however, even by the Plaintiffs' own admission the subject of a "split amongst the circuits" and the Plaintiffs have not provided a single binding authority on this Court.  Even while acknowledging that *Cavanaugh* and *Merill* are not controlling and that the issue is subject to a circuit split, the Plaintiffs' Reconsideration Motion provides a further basis for discrediting its own argument:  "To be clear, MicroBilt maintains that it is allowed to litigate its stay-violation claims outside of the Bankruptcy Court, if need be, and there are ample cases supporting this *sound principle*."  (Reconsideration Motion, at 15 (emphasis added).)  The Court simply could not have made a "clear error" when adopting the "sound principle" acknowledged by the Plaintiffs that an appropriate "non-bankruptcy" forum exists to address the Plaintiffs' allegations.

As a final matter, Plaintiffs assert that the Court "overlooked facts" when concluding (a) that the stay violation claims are inextricably intertwined with claims deemed arbitrable and (b) that arbitration of such claims will not impede the administration of the bankruptcy estate. (Reconsideration Motion, 17.)  Plaintiffs do not point to any specific facts allegedly overlooked but merely make the bald assertion that facts were overlooked.  *See* Bankr. D.N.J. LBR 9013-1(h) (requiring a motion for reconsideration to set forth the matters which the movant considers cause for reconsideration).

In determining that the matter must be submitted to arbitration, the Court determined: (1) that a valid agreement to arbitrate exists, and (2) that the specific dispute falls within the substantive scope of that agreement.  *See In re MicroBilt*, 2012 WL 613610, at *4-7; *see also Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626-28, 105 S.Ct.

- 8 -

3346, 87 L.Ed.2d 444 (1985); *Pritzker v. Merrill Lynch, Pierce, Fenner & Smith*, 7 F.3d 1110, 1114 (3d Cir. 1993). Here, the Court properly considered the question in light of the allegations asserted in the Complaint, not the legal labels used. *In re MicroBilt Corp.*, 2012 WL 6137610, at * 5-6; *see also Green Tree Financial Corp. - Alabama v. Randolph*, 531 U.S. 79, 91, 121 S.Ct. 513, 522, 148 L.Ed.2d 373 (2000); *Paine Webber, Inc. v. Hartmann*, 921 F.2d 507, 511 (3rd Cir. 1990); *Kittay v. Landegger (In re Hagerstown Fiber Ltd. P'ship)*, 277 B.R. 181, 198 (Bankr. S.D.N.Y. 2002) (citing *Collins & Aikman Prods. Co. v. Building Sys., Inc.*, 58 F.3d 16, 20-21 (2d Cir. 1995)). In resolving the motions to Dismiss, the Court properly noted that each of the causes of action asserted "fall squarely within the broad purview of the arbitration clauses found in the Resale Agreement, the ISA Agreement and the DRA." *In re MicroBilt*, 2012 WL 613610, at *4.

In reality, Plaintiffs merely disagree with the outcome of the Opinion and cases the Court relied upon to reach the outcome. Just as Plaintiffs' drafting of the Compliant sought to couch breach of contract claims into other legal theories, the Reconsideration Motion is rife with instances in which Plaintiffs attempt to reframe their fundamental disagreement with the Court's decision into the legal standard for reconsideration by using the word "overlooked." Simply using the word "overlooked" is insufficient to meet the standard. The Plaintiffs' disagreement with the Opinion and Order must be addressed through the appellate process. *See, e.g.*, *Bermingham*, 820 F. Supp. at 859 n.8.

Plaintiffs' arguments regarding the Court's conclusion that Counts III and IV are arbitrable are nothing more than a "mere recapitulation" of the arguments previously made, all of which were already considered and rejected by the Court. For this reason, the Reconsideration Motion must be denied.

> B. **The Court Considered All Arguments and Facts Previously Presented by Plaintiffs When Dismissing the Tortious Interference Claims**

A party seeking reconsideration must show more than a mere disagreement with the Court's decision. *See Degnan*, 748 F. Supp. at 275; *see also Bermingham*, 820 F. Supp. at 859 n.8 ("Disagreement with a considered statement of the court is not a basis for reconsideration."). Similarly, disagreement with the weight the Court places on particular factors (in its discretion) is not sufficient basis for reconsideration. *See, e.g.*, *Napoleon v. Attorney General of U.S.*, 231 Fed. Appx. 106, 109 (3d. Cir. 2007) (non-precedential) (agreeing with lower court that motion for reconsideration on basis that immigration judge placed undue weight on certain factors when rendering decision was an impermissible recapitulation of argument previously made).

The Plaintiffs assert that the Court "overlooked that [Plaintiffs' tortious interference] claims do not arise out of or relate to the Information Resale Agreement because they are independent torts." (Reconsideration Motion, at 18.) The Court has noted on numerous occasions that the nominally tortious interference claims assert nothing more than damages the Plaintiffs assert derive from purported breaches of the Resale Agreement. The Opinion clearly concludes that the tortious interference claims are not independent torts, but rather are relate directly to the Resale Agreement. *In re MicroBilt*, 2012 WL 613610, at *5-6. Again, Plaintiffs do not cite to controlling authority overlooked by the Court; Plaintiffs simply disagree with the outcome of the Opinion and Order. Such disagreement must be addressed through the appellate process. *See, e.g.*, *Bermingham*, 820 F. Supp. at 859 n.8.

In an attempt to fit their disagreement with the Opinion into the legal standard for reconsideration, Plaintiffs assert that the Court "gave undue weight to the fact that the dispute [giving rise to Plaintiffs' tortious interference claims] would not have occurred in the absence of the Information Resale Agreement." (Reconsideration Motion, 19.) In support of its position,

the Plaintiffs quote at length (and for the first time) a decision from a non-bankruptcy court (employing state law) rendered in 1996 delineating considerations that *may* be taken when determining whether a dispute "arises out of or relates to" a contract for purposes of arbitration. *Terminix Intern. Co., L.P. v. Michaels*, 668 So.2d 1013 (Fla. App. 1996). Most importantly, *Terminex* is not controlling law. Neither the Resale Agreement, nor any of the allegations in the Complaint relate to Florida law. More importantly, the *Terminex* decision has not been previously cited by Plaintiffs and constitutes a new theory that cannot be presented through the Reconsideration Motion. *Gutierrez v. Ashcroft*, 289 F. Supp. 2d at 561.

Notwithstanding, the principles espoused in *Terminex* do not suggest that the Court committed an error – yet alone a *clear* error – in determining that the tortious interference claims "arise out of or relate to" the Resale Agreement. The *Terminex* decision acknowledges that a split of authority over the applicability of arbitration clauses to tort claims exists and argues that courts should look to whether resolution of the tort claim "requires a reference to or construction of some portion of the contract itself." *Terminix*, 668 So.2d at 1014. Here, the Court noted and explained this dichotomy. *In re MicroBilt*, 2012 WL 613610, at *6. In concluding that the tortious interference claims asserted in Counts I and II of the Complaint "relate to" the Resale Agreement, this Court "acknowledge[d] that not all tortious interference claims or similar causes of action necessarily 'arise out of' or 'relate to' the agreements; however, in this matter, Defendants are not seeking to gain a competitive advantage . . . Rather, Plaintiffs contend that the Defendants' actions have been undertaken to financially squeeze the Debtors and impel acquiescence to a favorable pricing scheme under the Resale Agreement." *Id*. Thus, the Court concluded "[i]t is clear that the claims are very much related to the various agreements and fall within the scope of the respective arbitration provisions." *Id.* Whether the Plaintiffs' agree with

the weight given by the Court to certain facts or the Court's interpretation of the claims asserted in the Complaint, it cannot be said that the Court committed any error, in concluding that the tortious interference claims "relate to" the Resale Agreement and thoroughly explaining its basis for so concluding.

Plaintiffs' argument is nothing more than a desperate attempt to restate and rehash its arguments. Reconsideration is not appropriate "as a means of having a second bite at the proverbial apple." *United States v. DeLaurentis*, 83 F. Supp. 2d 455, 474 n.2 (D.N.J.), *vac'd on other gds*, 230 F.3d 659 (3d Cir. 2000). As the Plaintiffs have not – and cannot – articulate any law or fact overlooked by the Court when concluding that Counts I and II are arbitrable, the Reconsideration Motion must fail as a matter of law.

    **C.**    **The Court Considered All Arguments and Facts Previously Presented by Plaintiffs When Dismissing the Tortious Interference Claims**

With regard to the Court's decision to abstain from hearing claims asserted against FNIS, Plaintiffs argue that "the Court misapplied the factors applicable to abstention." (Reconsideration Motion, 20.) Plaintiffs do not assert that the Court overlooked any applicable law or facts, but merely argue that the Court incorrectly exercised its discretion. (*Id.*) Because Plaintiffs fail to articulate overlooked law or facts, an intervening change of controlling law or the availability of new evidence, this argument does not meet the standard for reconsideration. *Saddle River Valley Bank*, 2010 WL 26190, at *1-2. The Plaintiffs merely express disagreement with conclusions drawn by the Court but point to absolutely nothing in the Complaint, nor any controlling law, that would necessarily support the conclusions it would draw instead.

Putting aside the deficiencies in the Reconsideration Motion, bankruptcy judges are afforded "considerable latitude" and "considerable discretion" when exercising permissive abstention under 28 U.S.C. § 1334(c)(1). *Bricker v. Martin*, 348 B.R. 28, 34 (W.D. Pa. 2006)

(quoting *Geruschat, et al. v. Ernst & Young, LLP* (*In re Earned Capital Corp.*), 331 B.R. 208, 220 (Bankr. W.D.Pa. 2005)).  Though the Opinion does not contain exhaustive application of the facts of the case to each factor of the abstention standard, when read in light of the rest of the Opinion, the Court's rationale for abstaining is clear and cannot be deemed a clear error.  In this case, Plaintiffs have not pointed to any evidence that would show that the Court's exercise of its "considerable latitude" in deciding to abstain from determining claims asserted against FNIS was a clear error.

Having failed to substantiate its contention that the Court committed a clear error of law or fact in exercising its abstention powers, the procedural deficiencies in the Reconsideration Motion require its denial.

## IV.    CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion for Reconsideration and uphold its December 11, 2012 Opinion and January 3, 2013 Order granting Defendants Chex and Certegy's Motions to Dismiss the Plaintiffs' Second Amended Adversary Complaint and abstaining from deciding claims asserted against FNIS.


Dated:  February 4, 2013

REED SMITH LLP

By:     /s/ Derek J. Baker
    Derek J. Baker, Esq.
    Gary J. Ruckelshaus, Esq.
    Brian M. Schenker, Esq.
    Princeton Forrestal Village
    136 Main Street, Suite 250
    Princeton, New Jersey 08543
    Telephone:  609-987-0050
    Telecopy:  609-951.0824

*Attorneys for Fidelity National Information Services, Inc., Chex Systems, Inc., and Certegy Ltd.*